PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL WYNN, | ) | CASE NO. 3:25-CV-2557 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| GEORGE FREDERICK, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 1] |

The Court considers Terrell Wynn's *pro se* Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (ECF No. 1). As a second or successive application for *habeas* relief, the Petition is hereby transferred to the United States Court of Appeals for the Sixth Circuit for authorization.

## I. Introduction

Petitioner was convicted in state court in 2018 on four counts of rape. He was sentenced to ten years' consecutive incarceration on each count for a total sentence of forty years. He remains incarcerated at the Marion Correctional Institution in Ohio. He now seeks *habeas* relief, arguing that (1) his consecutive sentences were disproportionate to severity of the conduct for which he was convicted, (2) his conviction was against the manifest weight of the evidence, and (3) the prosecution improperly introduced evidence of prior bad acts.[1] He asks the Court to either allow him to reopen his direct appeal or resentence him to concurrent sentences.

---

[1] Petitioner's third ground for relief—evidence of prior bad acts—is asserted for the first time herein.

(3:25-CV-2557)

This is not Petitioner's first 28 U.S.C. § 2254 *habeas* petition challenging his 2018 rape convictions and sentences. He filed his first in 2021 asserting that (1) he was denied due process and fair trial because the state prosecutor committed misconduct, (2) his sentence was vindictive, violated due process, and constituted cruel and unusual punishment, and (3) his appellate counsel was ineffective for failing to litigate the trial court's omission of course of conduct findings when imposing his sentence. *See Wynn v. Fender*, No. 3:21-CV-2405 (N.D. Ohio filed Dec. 26, 2021). The presiding judge denied that petition as procedurally defaulted and non-cognizable, dismissed it with prejudice, and declined to certify its appealability. *See id.* Petitioner unsuccessfully appealed that dismissal to the Sixth Circuit. *See id.* On November 24, 2025, Petitioner filed the instant Petition challenging his 2018 convictions.

## II.  Law

A district court must receive authorization from its embracing circuit court before reviewing a second or successive *habeas* petition. A "successive" petition implicates the same conviction or sentence challenged by its predecessor. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). Without circuit authorization, a district court lacks jurisdiction to review a successive *habeas* petition and must transfer the case up the Article III ladder. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Not all repeat-petitions, however, are subject to tis procedural bar. A petition is *not* successive when its predecessor was dismissed as premature, without prejudice for failure to exhaust state court remedies, for failure to pay filings fees, or failure to support an application to proceed *in forma pauperis*. *See Stewart*, 523 U.S. at 645; *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Because such dismissals are "not on the merits," a district court retains jurisdiction to consider them as second petitions despite their repetitiveness. *See Slack*, 529 U.S. at 485-86.

(3:25-CV-2557)

Conversely, petitions previously dismissed "on the merits" (*e.g.*, *for* procedural default, statute of limitations, *etc.*) are successive and thus require authorization from the circuit court.  See *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).

### III.  Discussion

Petitioner's 2021 *habeas* application renders the instant Petition second or successive. See *Wynn*, No. 3:21-CV-2405.  That petition was dismissed on the merits as procedurally defaulted and denied appealability by the Sixth Circuit.  See *id.*  Therefore, the instant Petition is a second or successive, stripping the Court of jurisdiction to consider it absent authorization.

### IV.  Conclusion

Terrell Wynn's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254 (ECF No. 1) is hereby transferred to the United States Court of Appeals for the Sixth Circuit for authorization as a second or successive petition.

IT IS SO ORDERED.

| January 21, 2026 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |